IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| RICHARD BARROSO, <br> TDCJ No. 01452245, <br><br> Petitioner, <br><br> v. <br><br> TEXAS DEP'T OF CRIMINAL JUSTICE, <br><br> Respondent | 2:22-CV-236-Z-BR |

## MEMORANDUM OPINION
## DENYING LEAVE TO FILE A WRIT OF MANDAMUS

Richard Barroso ("Plaintiff"), acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed a Motion for Leave ("Motion") requesting this Court allow him to pursue a civil action requesting mandamus relief. He has not paid a filing fee to pursue these claims. For the following reasons, Plaintiff's Motion is **DENIED,** and his case is **DISMISSED**.

### JUDICIAL REVIEW

Under the "three strikes" provisions of the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Megg*, 857 F.3d 287, 290–91 (5th Cir. 2017). To fit within the exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff files his complaint, and must support such a showing on the fact of his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

### ANALYSIS

Court records reflect that Plaintiff has had three or more civil actions dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B): *Barroso v. State of Texas*, No. 14-256 (N.D. Tex. Feb. 10, 2015) (frivolous); *Barroso v. State of Texas*, No. H-15-3139 (S.D. Tex. March 31, 2017) (failure to state a claim); and *Barroso v. State of Texas* No. 17-0405 (E.D. Tex. Aug. 3, 2017) (failure to state a claim predicated on the failure to exhaust administrative remedies). "A dismissal of a prisoner's complaint for failure to state a claim, predicated on failure to exhaust, counts as a strike for purposes of 28 U.S.C. § 1915(g)." *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001).

Plaintiffs proposed claims against TDCJ do not incorporate any claims of imminent danger, and the exception to the "three-strikes" bar does not apply here. Thus, the Motion is **DENIED**.

### CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is **ORDERED** that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** without prejudice for failure to state a claim.

**SO ORDERED.**

July __7__, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE